# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN T. MISKO,<br><br>          Plaintiff,<br><br>    v.<br><br>WILLIAM SULLIVAN, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:10-cv-00713-SMS PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ORDER TO ATTACH EXHIBITS TO FIRST AMENDED COMPLAINT<br><br>(ECF No. 7) |

Plaintiff John T. Misko ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The Court screened Plaintiff's complaint, found that he had not stated any cognizable claims, and issued an order on November 23, 2010, dismissing the complaint with leave to amend. (ECF No. 6.) On December 27, 2010, Plaintiff filed a first amended complaint and an application for an order to attach complaint exhibits to his amended complaint. (ECF Nos. 7, 8.)

Any exhibits attached to the complaint must be incorporated by reference. Fed. R. Civ. Pro. 10(c). Thus, any exhibits attached to the amended complaint must be specifically referenced. For example, Plaintiff must state "see Exhibit A" or something similar in order to direct the Court to the specific exhibit Plaintiff is referencing. Further, if the exhibit consists of more than one page, Plaintiff must reference the specific page of the exhibit (i.e. "See Exhibit A, page 3"). Plaintiff's amended complaint fails to reference any exhibits and the Court will not wade through exhibits to determine whether cognizable claims are, or might be able to be stated.

For screening purposes, the Court must assume that Plaintiff's factual allegations are true.

1  Therefore, it is generally unnecessary for Plaintiff to submit exhibits in support of the allegations in
2  a complaint.
3       Accordingly, Plaintiff's motion for an order to attach exhibits to first amended complaint,
4  filed December 27, 2010, is HEREBY DENIED.

     IT IS SO ORDERED.

**Dated:   August 2, 2011**              /s/ Sandra M. Snyder
                                  UNITED STATES MAGISTRATE JUDGE