# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN T. MISKO, | CASE NO. 1:10-cv-00713-BAM PC |
| Plaintiff, | ORDER FOR PLAINTIFF TO PROVIDE INFORMATION TO ENABLE SERVICE OF PROCESS UPON DEFENDANT X. CLEINLIN |
| v. | |
| WILLIAM SULLIVAN, et al., | (ECF Nos. 25, 29) |
| Defendants. | THIRTY DAY DEADLINE |

Plaintiff John T. Misko ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 23, 2010. This action is proceeding on Plaintiff's amended complaint filed on December 27, 2010, against Defendants Cleinlin, Priest, Williams, and Tate for deliberate indifference in violation of the Eighth Amendment.

**II.    SERVICE BY UNITED STATES MARSHAL**

On December 13, 2011, the Court issued an order directing the United States Marshal to attempt service of process upon Defendants Cleinlin, Priest, Williams, and Tate using the assistance of the CDCR's Department of Legal Affairs. (ECF No. 18.) The Marshal was successful in serving Defendants Priest, Williams, and Tate , but unsuccessful in serving Defendant Cleinlin. (ECF Nos. 25.) On June 20, 2012, an order issued directing the Marshal to serve Defendant Cleinlin with a copy of a document signed by the defendant. (ECF No. 27.) On November 19, 2012, a copy of the summons was returned unexecuted. (ECF No. 29.) Defendant Cleinlin remains unserved in this action.

The Marshal's return of service as to Defendant Cleinlin included information from a special investigator with the Office of Legal Affairs who was unable to identify Defendant Cleinlin. (ECF No. 25.) The second attempt at service using the documents provided by the Court also proved to be unsuccessful at identifying the defendant. (ECF No. 29.) In order for the for the Marshal to effect service of process, the Marshal and the CDCR must be able to identify and locate the defendant. Plaintiff has identified this defendant as MTA X. Cleinlin, however the signature of the defendant on the documents provided by Plaintiff is barely legible.

Before the Court will issue a third service order, Plaintiff must provide the full name and current address of this defendant. If Plaintiff is unable to provide a full name, he must provide alternate information – such as a partial name, title, gender, work assignment, work schedule, etc. – sufficient for the Marshal or the CDCR to identify the defendant for service. If Plaintiff is unable to provide a current address for this defendant, he must at least provide a last-known address and any other available information to enable the Marshal to locate the defendant. Plaintiff is cautioned that service cannot go forward unless he provides enough information, and unsuccessful service may result in this defendant being dismissed from this action. It is Plaintiff's responsibility to identify the defendants named in his complaint. Plaintiff shall be granted thirty days in which to respond to this order with additional information about the unserved defendant.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty days from the date of service of this order, Plaintiff shall send a written response to the Court, providing the full name and current address of Defendant X. Cleinlin for purposes of service in this action;

2. If Plaintiff is unable to provide a full name and current address, he must supply sufficient alternate information, such as a partial name, title, work assignment, work schedule, last known address, or other similar information to enable the United States Marshal and the CDCR to identify and locate Defendant Cleinlin for service of process in this action; and

3. Plaintiff's failure to provide sufficient information for service of Defendant Cleinlin shall result in the dismissal of this defendant from this action for failure to serve process.

IT IS SO ORDERED.

Dated:   **November 21, 2012**                          **/s/ Barbara A. McAuliffe**
                                                            UNITED STATES MAGISTRATE JUDGE