UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN T. MISKO,<br><br>          Plaintiff,<br><br>     v.<br><br>WILLIAM SULLIVAN, et al.,<br><br>          Defendants. | Case No.: 1:10-cv-00713-BAM PC<br><br>ORDER TO SHOW CAUSE WHY DEFENDANTS CLEINLIN AND WILLIAMS SHOULD NOT BE DISMISSED FROM THIS ACTION FOR FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE (ECF Nos. 29, 31)<br><br>THIRTY-DAY DEADLINE |

    Plaintiff John T. Misko ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action now proceeds on Plaintiff's amended complaint filed on December 27, 2010, against Defendants Cleinlin, Priest, Williams and Tate for deliberate indifference in violation of the Eighth Amendment.

    On December 13, 2011, the Court issued an order directing the United States Marshal to attempt service of process upon Defendants Cleinlin, Priest, Williams, and Tate using the assistance of the CDCR's Department of Legal Affairs. (ECF No. 18.) The Marshal was successful in serving Defendants Priest and Tate, but unsuccessful in serving Defendants Cleinlin and Williams. (ECF Nos. 25, 31.) On June 20, 2012, the Court directed the Marshal to serve Defendant Cleinlin with a copy of a document signed by Defendant Cleinlin.  (ECF No. 27.) On November 19, 2012, a copy of the summons for Defendant Cleinlin was returned unexecuted. (ECF No. 29.) On November 21, 2012, the

1

1  Court issued an order for Plaintiff to provide information to enable service of process upon Defendant
2  Cleinlin.  Plaintiff was ordered to respond within thirty days.  (ECF No. 30.)  More than thirty days
3  have passed and Plaintiff has failed to respond to the Court's order and has failed to provide sufficient
4  information for service of Defendant Cleinlin.  On February 1, 2013, a copy of the summons for
5  Defendant Williams was returned unexecuted.  (ECF No. 31.)  Defendants Cleinlin and Williams
6  remain unserved in this action.

      Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

      In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the court, shall serve the summons and the complaint.  Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . . ." Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990).  "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).  However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendant is appropriate. Walker, 14 F.3d at 1421-22.

      In this case, Plaintiff failed to provide sufficient information to identify Defendants Cleinlin and Williams and to locate these defendants for service of process.  If Plaintiff is unable to provide the Marshal with additional information, Defendants Cleinlin and Williams shall be dismissed from this

action without prejudice.  Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why Defendants Cleinlin and Williams should be dismissed from the action at this time.

Accordingly, it is HEREBY ORDERED as follows:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall show cause why Defendants Cleinlin and Williams should not be dismissed from this action; and
2. <u>The failure to respond to this order or the failure to show cause will result in the dismissal of Defendants Cleinlin and Williams from this action.</u>

IT IS SO ORDERED.

Dated:   **August 27, 2013**         /s/ Barbara A. McAuliffe
                                      UNITED STATES MAGISTRATE JUDGE

3