UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN T. MISKO,<br><br>    Plaintiff,<br><br>    v.<br><br>WILLIAM SULLIVAN, et al.,<br><br>    Defendants. | Case No.: 1:10-cv-00713-BAM PC<br><br>THIRD ORDER DIRECTING SERVICE BY THE UNITED STATES MARSHALS SERVICE WITHOUT PREPAYMENT OF COSTS |

Plaintiff John T. Misko ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action now proceeds on Plaintiff's amended complaint filed on December 27, 2010, against Defendants Cleinlin, Priest, Williams and Tate for deliberate indifference in violation of the Eighth Amendment.

Service was returned un-executed as to Defendant Cleinlin after the Marshal was informed that there was no record of this Defendant's employment with the California Department of Corrections and Rehabilitation ("CDCR"). Service was returned un-executed as to Defendant Williams after the United States Marshal was informed that this person was not employed and could not be located after a search of CDCR's records. Plaintiff subsequently has provided the Court will a document containing additional information that provides a corrected name for Defendant Cleinlin as X. Ceiline and provides additional information to identify Defendant Williams. **The Marshal shall attempt re-service with this additional information, and the Clerk's Office shall provide the Marshal with a**

**copy of the document filed by Plaintiff on September 20, 2013 to help locate and serve these defendants.**

Accordingly, pursuant to Federal Rule of Civil Procedure 4(c), it is HEREBY ORDERED that:

1. The Clerk of the Court is directed to forward the following documents to the United States Marshals Service:

   (1) Two completed and issued summons;

   (2) Two completed USM-285 form;

   (3) Two copies of the complaint filed on December 27, 2010, plus an extra copy for the Marshals Service;

   (4) One copy of this order, plus an extra copy for the Marshals Service;

   (5) Two copies of the Court's consent form; and

   (6) **One copy of Plaintiff's filing on September 20, 2013.**

2. Within ten days from the date of this order, the Marshals Service is directed to notify the following defendants of the commencement of this action and to request a waiver of service in accordance with the provisions of Fed. R. Civ. P. 4(d) and 28 U.S.C. § 566(c):

   **X. Ceiline**

   **C. Williams**

3. The Marshals Service is directed to retain the summons and a copy of the complaint in its file for future use.

4. The Marshals Service shall file the returned waiver of service, or the request for waiver of service if returned as undelivered, as soon as it is received.

5. If a waiver of service is not returned by the defendants within sixty days of the date of mailing the request for waiver, the Marshals Service shall:

   a. Personally serve process and a copy of this order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), and shall command all necessary assistance from CDCR to execute this order.  The Marshals Service shall maintain the confidentiality of all information provided by the CDCR pursuant to this order.  In executing this order, the Marshals Service shall contact the Legal Affairs Division of CDCR

and request the assistance of a Special Investigator if the Litigation Office at the institution is unable to assist in identifying and/or locating the defendants.

      b.     Within ten days after personal service is effected, the Marshals Service shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshals Service for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2).

6.     In the event that a defendant either waives service or is personally served, the defendant is required to reply to the complaint. 42 U.S.C. § 1997e(g)(2).

IT IS SO ORDERED.

Dated:   **September 23, 2013**          /s/ *Barbara A. McAuliffe*
                                                             UNITED STATES MAGISTRATE JUDGE