# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN T. MISKO,<br><br>        Plaintiff,<br><br>  v.<br><br>WILLIAM SULLIVAN, et al.,<br><br>        Defendants. | 1:10-cv-00713-LJO-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(ECF Nos. 32, 50) |

     Plaintiff John T. Misko ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's amended complaint against Defendants Cleinlin, Williams, Priest and Tate for deliberate indifference in violation of the Eighth Amendment.

     On February 10, 2014, the Magistrate Judge issued Findings and Recommendations that Plaintiff's request for entry of default judgment against Defendant Williams be denied, that Defendant Priest's and Defendant Tate's motion for summary judgment be granted, that the Clerk of the Court be directed to enter judgment in favor of only Defendants Tate and Priest, and that this action proceed against Defendants Cleinlin and Williams for deliberate indifference in violation of the Eighth Amendment. The Findings and Recommendations were served on the parties appearing in this action and contained notice that any objections were to be filed within thirty days. (ECF No. 50.) Following an extension of time, Plaintiff filed objections on March 13, 2014. (ECF No. 55.) Defendants Priest and Tate did not respond.

Plaintiff appears to object solely to the Magistrate Judge's recommendation that summary judgment be granted in favor of Defendant Tate. (ECF No. 55, pp. 12-13.) This action proceeded against Defendant Tate based only on Plaintiff's claim that Defendant Tate removed a medical hold in violation of the Eighth Amendment. (ECF No. 50, p. 7.) Although Plaintiff has presented evidence that Defendant Tate became aware of Plaintiff's condition at various points, Plaintiff has not raised a genuine dispute of material fact indicating that Defendant Tate removed any medical hold which resulted in Plaintiff's transfer to Kern Valley State Prison in March 2007.

The undisputed evidence, admitted by Plaintiff, reflects that there was no medical hold in place at the time of Plaintiff's transfer to Kern Valley State Prison in March 2007. (ECF No. 55, p. 3.) Plaintiff asserts, however, that deliberate indifference has been established based on a violation of prison policy. According to the undisputed evidence, the relevant policy provided that a transfer hold for medical reasons would be placed if an inmate was scheduled for pending surgery. (ECF No. 50, p. 11; ECF No. 55, p. 4.) Plaintiff believes that a medical hold should have been in place at the time of his transfer in March 2007. However, the undisputed evidence establishes that medical holds did not come to Defendant Tate's attention and he was not involved in authorizing Plaintiff for transfer. (ECF No. 50, pp. 10, 12.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, issued on February 10, 2014, are adopted in full;

2. Plaintiff's request for entry of default judgment against Defendant Williams is DENIED;

3. Defendants' motion for summary judgment, filed on February 25, 2013, is GRANTED;

4.	The Clerk of the Court is directed to enter judgment in favor of <u>only</u> Defendants Tate and Priest;

5.	This action shall proceed against Defendants Cleinlin and Williams for deliberate indifference in violation of the Eighth Amendment; and

6.	This matter is referred back to the Magistrate Judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:   **March 28, 2014**              /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE