**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN T. MISKO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WILLIAM SULLIVAN, et al.,<br><br>　　　　Defendants. | Case No.: 1:10-cv-00713-LJO-BAM PC<br><br>SECOND ORDER TO SHOW CAUSE WHY DEFENDANT CLEINLIN SHOULD NOT BE DISMISSED FROM THIS ACTION FOR FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE (ECF No. 51)<br><br>THIRTY-DAY DEADLINE |

　　　　Plaintiff John T. Misko ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action currently proceeds against Defendants Cleinlin and Williams for deliberate indifference in violation of the Eighth Amendment.

　　　　On December 13, 2011, the Court issued an order directing the United States Marshal to attempt service of process upon Defendants Cleinlin, Priest, Williams, and Tate using the assistance of the CDCR's Department of Legal Affairs. (ECF No. 18.) The Marshal was unsuccessful in serving Defendants Cleinlin and Williams. (ECF Nos. 25, 31.) On June 20, 2012, the Court directed the Marshal to serve Defendant Cleinlin with a copy of a document signed by Defendant Cleinlin. (ECF No. 27.) On November 19, 2012, a copy of the summons for Defendant Cleinlin was returned unexecuted. (ECF No. 29.) On November 21, 2012, the Court issued an order for Plaintiff to provide information to enable service of process upon Defendant Cleinlin. Plaintiff was ordered to respond

1

1  within thirty days. (ECF No. 30.) Plaintiff failed to respond to the Court's order. On February 1,
2  2013, a copy of the summons for Defendant Williams was returned unexecuted. (ECF No. 31.)
3        On August 27, 2013, the Court issued an order to show cause why Defendants Cleinlin and
4  Williams should not be dismissed from this action. (ECF No. 40.) On September 20, 2013, in
5  response to the show cause order, Plaintiff filed a motion requesting that the Court order service of
6  Defendants Cleinlin and Williams based on new information. Plaintiff identified Defendant Cleinlin
7  as X. Ceiline, with a physical description, her job position and dates of employment. Plaintiff also
8  identified Defendant Williams by her physical description, job position and dates of employment.
9  (ECF No. 41.)
10        Based on Plaintiff's response, the Court directed the United States Marshals Service to serve
11  Defendants Cleinlin (Ceiline) and Williams based on the new information. (ECF Nos. 42, 43.) On
12  February 19, 2014, the United States Marshals Service returned the summons for Defendant Cleinlin
13  (Ceiline) as unexecuted. The process receipt and return stated that Defendant Cleinlin (Ceiline) was
14  unable to be located or identified despite information being sent to CDCR's special investigator. (ECF
15  No. 51.) On March 6, 2014, a waiver of service was returned executed for Defendant Williams. (ECF
16  No. 54.)
17        Defendant Cleinlin remains unserved in this action.
18        Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

      In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and ... should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties

required of each of them . . . ." <u>Puett v. Blandford</u>, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" <u>Walker v. Sumner</u>, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by <u>Sandin v. Connor</u>, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendant is appropriate. <u>Walker</u>, 14 F.3d at 1421-22.

In this case, Plaintiff has failed to provide sufficient information to identify Defendant Cleinlin and to locate this defendant for service of process. If Plaintiff is unable to provide the Marshal with any additional information, Defendant Cleinlin shall be dismissed from this action without prejudice. Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why Defendant Cleinlin should not be dismissed from the action at this time.

Accordingly, it is HEREBY ORDERED as follows:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall show cause why Defendant Cleinlin should not be dismissed from this action; and

2. <u>The failure to respond to this order or the failure to show cause will result in the dismissal of Defendant Cleinlin from this action.</u>

IT IS SO ORDERED.

Dated:   **March 31, 2014**          /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE

3