UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN T. MISKO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WILLIAM SULLIVAN, et al.,<br><br>　　　　Defendants. | Case No.: 1:10-cv-00713-LJO-BAM PC<br><br>FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF DEFENDANT CLEINLIN FOR FAILURE TO EFFECTUTATE SERVICE OF PROCESS<br>(ECF No. 51, 58)<br><br>FIFTEEN-DAY DEADLINE |

　　　　Plaintiff John T. Misko ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action currently proceeds against Defendants Cleinlin and Williams for deliberate indifference in violation of the Eighth Amendment.

　　　　On December 13, 2011, the Court issued an order directing the United States Marshal to attempt service of process upon Defendants Cleinlin, Priest, Williams, and Tate using the assistance of the CDCR's Department of Legal Affairs. (ECF No. 18.) The Marshal was unsuccessful in serving Defendants Cleinlin and Williams. (ECF Nos. 25, 31.) On June 20, 2012, the Court directed the Marshal to serve Defendant Cleinlin with a copy of a document signed by Defendant Cleinlin. (ECF No. 27.) On November 19, 2012, a copy of the summons for Defendant Cleinlin was returned unexecuted. (ECF No. 29.) On November 21, 2012, the Court issued an order for Plaintiff to provide information to enable service of process upon Defendant Cleinlin. Plaintiff was ordered to respond

1  within thirty days.  (ECF No. 30.)  Plaintiff failed to respond to the Court's order.  On February 1,
2  2013, a copy of the summons for Defendant Williams was returned unexecuted.  (ECF No. 31.)
3      On August 27, 2013, the Court issued an order to show cause why Defendants Cleinlin and
4  Williams should not be dismissed from this action.  (ECF No. 40.)  On September 20, 2013, in
5  response to the show cause order, Plaintiff filed a motion requesting that the Court order service of
6  Defendants Cleinlin and Williams based on new information.  Plaintiff identified Defendant Cleinlin
7  as X. Ceiline, with a physical description, her job position and dates of employment.  Plaintiff also
8  identified Defendant Williams by her physical description, job position and dates of employment.
9  (ECF No. 41.)
10     Based on Plaintiff's response, the Court directed the United States Marshals Service to serve
11 Defendants Cleinlin (Ceiline) and Williams using the new information.  (ECF Nos. 42, 43.)  On
12 February 19, 2014, the United States Marshals Service returned the summons for Defendant Cleinlin
13 (Ceiline) as unexecuted.  The process receipt and return stated that Defendant Cleinlin (Ceiline) was
14 unable to be located or identified despite information being sent to CDCR's special investigator.  (ECF
15 No. 51.)  On March 6, 2014, a waiver of service was returned executed for Defendant Williams.  (ECF
16 No. 54.)
17     On March 31, 2014, the Court issued a second order to show cause why Defendant Cleinlin
18 should not be dismissed from this action for failure to effectuate service.  Plaintiff was ordered to
19 respond within thirty (30) days.  (ECF No. 58.)  More than thirty days have passed and Plaintiff has
20 not complied with or otherwise responded to the Court's order.
21     Federal Rule of Civil Procedure 4(m) provides as follows:
22
23
24
> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

25
26 Fed. R. Civ. P. 4(m).
27     In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the
28 court, shall serve the summons and the complaint.  Fed. R. Civ. P. 4(c)(3).  "[A]n incarcerated pro se

2

plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . . ." Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990).  "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).  However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendant is appropriate. Walker, 14 F.3d at 1421-22.

In this case, Plaintiff failed to provide sufficient information to identify Defendant Cleinlin and to locate this defendant for service of process.  This action has been pending since April 23, 2010, and Plaintiff was first ordered to submit documents to effect service on Defendant Cleinlin on October 31, 2011.  Despite multiple opportunities and attempts at service over the course of more than two years, Plaintiff has failed to provide sufficient information to effectuate service.  Accordingly, in compliance with Rule 4(m), Plaintiff was provided with a second opportunity to show cause why Defendant Cleinlin should not be dismissed from this action and to provide additional information to identify Defendant Cleinlin.  Plaintiff failed to respond to this Court's order and failed to show cause why Defendant Cleinlin should not be dismissed from this action.

Based on the foregoing, it is HEREBY RECOMMENDED that this action be dismissed against Defendant Cleinlin, without prejudice, based on Plaintiff's failure to effect service of the summons and complaint pursuant to Federal Rule of Civil Procedure 4(m).

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fifteen (15) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **May 15, 2014**     /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE