# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN T. MISKO,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>WILLIAM SULLIVAN, et al.,<br><br>　　　　Defendants. | 1:10-cv-00713-LJO-BAM PC<br><br>AMENDED DISCOVERY AND SCHEDULING ORDER<br><br>Exhaustion Motion Filing Deadline: **August 18, 2014**<br>Discovery Deadline: **November 18, 2014**<br>Dispositive Motion Deadline: **February 18, 2015** |

　　　　Plaintiff John T. Misko ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Following summary judgment in favor of Defendants Priest and Tate, this action currently proceeds against Defendants Cleinlin and Williams for deliberate indifference in violation of the Eighth Amendment.

　　　　On April 21, 2014, Defendant Williams answered the amended complaint.[1] However, the Discovery and Scheduling Order in this action has expired, including the discovery and dispositive motion deadlines. As Defendant Williams was part of the same series of events previously at issue in this action, the Court directed the parties to file a status report addressing what, if any, additional discovery is necessary for the claim against Defendant Williams. (ECF No. 60.)

---

[1] On May 15, 2014, the undersigned issued Findings and Recommendations that Defendant Cleinlin be dismissed from this action for failure to effectuate service. (ECF No. 62.)

1

On May 14, 2014, Defendant Williams filed a status report and requested an opportunity to propound written discovery on Plaintiff.  Defendant Williams also indicated that it may be necessary to depose Plaintiff in order to prepare a motion for summary judgment.  Defendant Williams therefore requests sufficient time to propound written discovery and, if necessary, depose Plaintiff.  (ECF No. 61.)

On May 15, 2014, Plaintiff filed a status report, but was unable to provide information regarding discovery status.  (ECF No. 63.)

Having considered the parties' reports, the Court finds it appropriate to issue an Amended Discovery and Scheduling Order, which is limited to the claim against Defendant Williams.

Pursuant to Federal Rules of Civil Procedure 1, 16, and 26−36, discovery on the claim against Defendant Williams shall proceed as follows:

**Discovery Procedures:**

1. Discovery requests shall be served by the parties pursuant to Federal Rule of Civil Procedure 5 and Local Rule 135. Discovery requests and responses shall not be filed with the Court unless required by Local Rules 250.2, 250.3 and 250.4.

2. Responses to written discovery requests shall be due **forty−five (45) days** after the request is first served. Boilerplate objections are disfavored and may be summarily overruled by the Court. Responses to document requests shall include all documents within a party's possession, custody or control. Fed. R. Civ. P.34(a)(1). Documents are deemed within a party's possession, custody or control if the party has actual possession, custody or control thereof, or the legal right to obtain the property on demand. Amendments to discovery responses served after the filing of and in response to a motion to compel are strongly disfavored, absent good faith. The parties are required to act in good faith during the course of discovery and the failure to do so may result in the payment of expenses pursuant to Federal Rule of Civil Procedure 37(a)(5) or other appropriate sanctions authorized by the Federal Rules of Civil Procedure or  the Local Rules.

3. Pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), Defendant may depose Plaintiff and any other witness confined in a prison upon condition that, at least **fourteen (14)**

**days** before such a deposition, Defendant serves all parties with the notice required by Federal Rule of Civil Procedure 30(b)(1).

4. If discovery disputes arise, the parties shall comply with all pertinent rules including Rules 5, 7, 11, 26, and 37 of the Federal Rules of Civil Procedure and Rules 110, 130, 131, 133, 135, 142, 144, and 230(l) of the Local Rules of Practice for the United States District Court, Eastern District of California. A discovery motion that does not comply with applicable rules will be stricken and may result in imposition of sanctions. However, unless otherwise ordered, Local Rule 251 shall not apply, and the requirement set forth in Federal Rules of Civil Procedure 26 and 37 of a good faith conference or attempt to confer with the other party to resolve the dispute shall not apply. Voluntary compliance with this provision of Rules 26 and 37 is encouraged, and if the Court deems it appropriate in any given case, it will reimpose the good faith meet and confer requirement.

**Filing Deadlines:**

6. The deadline for filing motions for summary judgment under Fed. R. Civ. P. 56 for failure to exhaust administrative remedies is **August 18, 2014**.

7. The deadline for the completion of all discovery, including filing all motions to compel discovery, is **November 18, 2014**. Absent good cause, discovery motions will not be considered if filed after the discovery deadline. Therefore, discovery requests and deposition notices must be served sufficiently in advance of the discovery deadline to permit time for a response and time to prepare and file a motion to compel.

8. The deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) is **February 18, 2015**.

9. <u>A request for an extension of a deadline set in this order must be filed on or before the expiration of the deadline in question and will only be granted on a showing of good cause.</u>

IT IS SO ORDERED.

Dated:   **May 19, 2014**              /s/ Barbara A. McAuliffe
                                      UNITED STATES MAGISTRATE JUDGE