1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   JOHN MISKO,                           1:10-cv-00713-LJO-BAM (PC)

12              Plaintiff,

13        v.                               ORDER DENYING MOTION FOR
                                           APPOINTMENT OF COUNSEL
14   WILLIAM SULLIVAN, et al.,
                                           (ECF No. 67)
15              Defendant.

16

17        On July 11, 2014, plaintiff filed a motion seeking the appointment of counsel.  Plaintiff

18   does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113

19   F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff

20   pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern

21   District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain

22   exceptional circumstances the court may request the voluntary assistance of counsel pursuant to

23   section 1915(e)(1).  Rand, 113 F.3d at 1525.

24        Without a reasonable method of securing and compensating counsel, the court will seek

25   volunteer counsel only in the most serious and exceptional cases.  In determining whether

26   "exceptional circumstances exist, the district court must evaluate both the likelihood of success on

27   the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

28   complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

1

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily from indigent prisoners with limited understanding of the law. Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Id. Although Plaintiff asserts that it is clear this case is complex for him, there is no indication that he has been unable to understand the Court's orders or that he cannot clearly set forth his arguments or contentions.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **July 18, 2014**                    /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE

2