UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN T. MISKO,<br><br>        Plaintiff,<br><br>        v.<br><br>WILLIAM SULLIVAN, et al.,<br><br>        Defendants. | Case No.: 1:10-cv-00713-LJO-BAM PC<br><br>ORDER GRANTING DEFENDANT'S MOTION TO MODIFY SCHEDULING ORDER<br>(ECF No. 69)<br><br>Dispositive Motion Deadline: April 24, 2015 |

### I.     Background

Plaintiff John T. Misko ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendant Williams for deliberate indifference in violation of the Eighth Amendment.  On May 20, 2014, the Court issued an Amended Discovery and Scheduling Order.  Pursuant to that order, the discovery deadline was November 18, 2014, and the dispositive motion deadline was February 18, 2015.

On February 18, 2015, Defendant Williams filed the instant motion to modify the dispositive motion deadline set forth in the Amended Discovery and Scheduling Order.  (ECF No. 69.)  The Court finds a response unnecessary and the motion is deemed submitted.[1]  Local Rule 230(l).

### II.    Legal Standard

---

[1] Plaintiff will not be prejudiced by the inability to respond.  If the Court grants the motion, it will extend the time for either party to file a dispositive motion.

1

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id.  If the party was not diligent, the inquiry should end. Id.

### III. Discussion

Defendant Williams explains that in accordance with the Amended Discovery and Scheduling Order, Plaintiff's deposition was completed in November 2014.  (ECF No. 69-1, Declaration of Ellen Hung ("Hung Dec.") ¶ 3.)  Defense counsel also has been analyzing Plaintiff's medical records, central file and deposition transcript and has been working on a motion for summary judgment.  (Hung Dec. ¶ 4.)  However, Defendant Williams reports that a modification of the dispositive motion deadline is necessary due to defense counsel's serious ongoing medical concerns, which have resulted in extensive absences from work.  (Hung Dec. ¶ 5.)  As such, Defendant Williams requests a sixty-five-day continuance of the dispositive motion deadline to April 24, 2015.

Having considered Defendant's moving papers, the Court finds good cause for the continuance of the dispositive motion deadline.  Defendant has been diligent in completing discovery and working on the dispositive motion, but the relevant deadline cannot be met due to medical concerns experienced by defense counsel.  The brief continuance will not result in measurable prejudice to Plaintiff or to witnesses in a matter that has been pending since 2010.

### IV. Conclusion and Order

Based on the above, Defendant Williams' motion to modify the scheduling order is HEREBY GRANTED.  The dispositive motion deadline is extended to April 24, 2015.

IT IS SO ORDERED.

Dated: **February 20, 2015**         /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE