# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN T. MISKO,<br><br>        Plaintiff,<br><br>   v.<br><br>WILLIAM SULLIVAN, et al.,<br><br>        Defendants. | Case No.:  1:10-cv-00713-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT<br><br>(ECF Nos. 71, 73)<br><br>FOURTEEN-DAY DEADLINE |

## I.      Introduction

Plaintiff John T. Misko ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's claim against Defendant Williams for deliberate indifference in violation of the Eighth Amendment.  Currently before the Court are the parties' cross-motions for summary judgment. For the reasons set forth below, the Court recommends that Plaintiff's motion for summary judgment be denied, and Defendant Williams' motion for summary judgment be granted.

## II.     Procedural Background

On December 27, 2010, Plaintiff filed an amended complaint against Defendants Cleinlin, Williams, Priest, and Tate for deliberate indifference in violation of the Eighth Amendment.  (ECF No. 8.)  On February 10, 2014, the Magistrate Judge recommended that

judgment be entered in favor of Defendants Tate and Priest. (ECF No. 50.) Those findings and recommendations were adopted on March 31, 2014, over Plaintiff's objections. (ECF No. 56.)

On May 5, 2014, the Magistrate Judge recommended that this action be dismissed against Defendant Cleinlin, without prejudice, based on Plaintiff's failure to effect service of the summons and complaint pursuant to Federal Rule of Civil Procedure 4(m). (ECF No. 62.) On June 6, 2014, those findings and recommendations were adopted, over Plaintiff's objections. (ECF No. 66.)

Plaintiff then filed a motion for summary judgment against the sole remaining defendant in this action, Defendant Williams, on February 23, 2015. (ECF No. 71.) On April 24, 2015, Defendant Williams filed a cross-motion for summary judgment, (ECF No. 73), and on April 27, 2015, Defendant opposed Plaintiff's motion, (ECF No. 74).[1] Plaintiff replied in support of his motion on July 2, 2015. (ECF Nos. 79, 81.) The motions are deemed submitted. Local Rule 230(l).

## II.     Legal Standard for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Summary judgment must be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). However, the court is to liberally construe the filings and motions of pro se litigants. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

---

[1]        Concurrent with the motion, Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment. (ECF No. 32-1); see Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1988); Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988).

affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323 (internal quotations and citations omitted).   If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11.

In arriving at these Findings and Recommendations, the Court carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts and responses thereto, if any, objections, and other papers filed by the parties.  Omission of reference to an argument, document, paper, or objection is not to be construed to the effect that this Court did not consider the argument, document, paper, or objection.  This Court thoroughly reviewed and considered the evidence it deemed admissible, material, and appropriate.

## III.   Discussion

### A.   Undisputed Material Facts ("UMF")[2]

A complete summary of Plaintiff's factual allegations regarding the incidents giving rise to this action is set forth in the February 10, 2014 findings and recommendations, and the Court assumes familiarity with that summary.  (ECF No. 50, pp. 3-7.)  For the purposes of the parties' cross-motions for summary judgment currently before the Court, the relevant undisputed material facts are as follows:

///

---

[2]       As Defendant Williams argues, Plaintiff did not comply with the rules in preparing his motion for summary judgment, including by failing to provide a separate statement of undisputed facts from his motion.  Local Rule 260(a).  He did admit and deny the facts set forth by Defendant Williams as undisputed, but failed to cite support for several of his responses.  Local Rule 260(b).  As a result, Defendants' statement of undisputed facts is accepted except where brought into dispute by Plaintiff's partially verified opposition and his motion, signed under penalty of perjury.  See Johnson v. Meltzer, 134 F.3d 1393, 1399-1400 (9th Cir. 1998).

1     1.      Plaintiff was housed at the California Correctional Institution ("CCI") during the time period relevant to this action.  (ECF No. 79, Pl.'s Answer to Def.'s Statement of Undisputed Facts ("Pl.'s Undisputed Facts Resp."), ¶ 2.)

2.      This action proceeds on his claim against Defendant Williams for failing to respond to his complaints regarding pain in his ankle following a fracture he suffered on December 29, 2006.  (Id.)

3.      Defendant Williams worked as a licensed vocational nurse ("LVN") at CCI during the relevant time period.  (Id. at ¶¶ 3, 5.)

4.      While working as an LVN at CCI, Defendant Williams recalls an inmate entering the infirmary with complaints regarding his ankle and splint.[3]  (Id. at ¶ 6.)  The inmate had a temporary splint on his ankle with an ACE wrap, which he had gotten wet, causing it to lose support for his ankle.

5.      The registered nurse working at the infirmary was not trained in splints and so asked Defendant Williams to look at Plaintiff.  Although this was not part of her regular work duties, she did so to assist Plaintiff.  (Id. at ¶ 6.)

6.      Because the splint was no longer serviceable, Defendant Williams made a new splint by wrapping a clean ACE bandage around Plaintiff's ankle.  (Id. at ¶ 7.)  The splint and wrap went under Plaintiff's foot, behind his leg, and was wrapped with a stretchy cloth in a circle.[4]  (Pl.'s Undisputed Facts Resp. ¶ 9; ECF No. 7, Pl.'s Mot. for Summ. J., p. 3.)  This splint was placed on or about January 9, 2007.  (Pl.'s Mot. For Summ. J., p. 3.)

---

[3]     Plaintiff states that he cannot admit or deny this fact based on the need to ascertain additional information through discovery.  (Pl.'s Undisputed Facts Resp. ¶ 6.)  However, this fact mirrors Plaintiff's own allegation that on January 9, 2007, he complained at the infirmary where Nurse Williams was working regarding his ankle splint.  (ECF No. 8, First Am. Compl., pp. 12-13.)  No further discovery is needed regarding this allegation.

[4]     Plaintiff attempts to create a triable issue of fact by asserting that the manner in which Defendant Williams set his splint was incorrect for the type of ankle injury he had.  (Pl.'s Undisputed Facts Resp. ¶¶ 7-9.)  He has not presented any expert medical testimony regarding this assertion, and his conclusory assertions are not sufficient to create a material factual dispute here.  See Clouthier v. County of Contra Costa, 591 F.3d 1232, 1252 (9th Cir. 2010).

7.     The parties have different allegations regarding what happened after Defendant Williams put a splint on Defendant, but their different versions of the facts are not material to the determination of their cross-motions for summary judgment.  The parties disagree as to whether the splint was applied securely, as Defendant Williams alleges, or whether it was not applied firmly against Plaintiff's ankle, as he alleges.  (Pl.'s Undisputed Facts Resp. ¶¶ 7-8.)

8.     Defendant Williams also alleges that at some point, she also used plaster to further secure and stabilize Plaintiff's ankle.  (ECF No. 73-4, Williams Declaration ¶5.)  On the other hand, Plaintiff generally denies Defendant Williams' allegations, and alleges he complained the splint was put on incorrectly and caused him pain, but was told that was all she was going to do for him.  (Pl.'s Undisputed Facts Resp. ¶ 7.)  He further alleges that he was taken back to his cell after Defendant Williams put the splint on him, but he complained of pain and was taken back to see her a couple of days later.  (Pl.'s Mot. For Summ. J., pp. 3-5.)  At that time, he states Defendant Williams placed some gauze on him that did nothing, and she told him that was all she would do.  (Id. at 5.)

9.     Due to the nature of Plaintiff's ankle fracture, any movement or contact he had with his ankle would have been painful, and it is important for the splint and bandage to be firm against the ankle to provide adequate support.  (Pl.'s Undisputed Facts Resp. ¶ 8.)  Nevertheless, the splint has bandages that Plaintiff could have unwrapped and loosened himself if he later felt it was too snug.  (Id. at ¶ 9.)

10.     Also, at that time, Plaintiff had already been prescribed Tylenol with Codeine and Motrin for pain, and Tylenol with Codeine is the strongest pain medication available to inmates at CCI.[5]  (Id. at ¶ 10.)

---

[5]     Plaintiff denies this fact, but cites no support for his denial and says he needs discovery to obtain support.  (Pl.'s Undisputed Facts Resp. ¶ 10.)  Discovery ended nearly a year ago, on November 18, 2014, without Plaintiff making any attempt to extend the discovery deadline.  (ECF No. 64.)  Furthermore, Plaintiff has raised no grounds for allowing additional discovery now and delaying the consideration of these cross-motions, since he has "failed to 'proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment.'"  Getz v. Boeing Co., 654 F.3d 852, 868 (9th Cir. 2011) (quoting Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n. 5 (9th Cir. 2009)).

11.     Plaintiff complained that the pain medication he was prescribed was not effective. (Id. at ¶ 13.)

12.     Defendant Williams did not have the authority to prescribe medications to inmates.  (Id. at ¶ 11.)

13.     It is not uncommon for inmates such as Plaintiff to demand other types of pain medications, such as Norco or Vicodin, which are non-formulary and are not available.[6]  (Id. at ¶ 12.)

14.     Defendant Williams could have asked the registered nurse to examine Plaintiff and, if medically necessary, the registered nurse would have called an ambulance to send Plaintiff to an outside hospital room.  (Pl.'s Undisputed Facts Resp. at ¶ 13.)

15.     However, in Defendant Williams' opinion upon review of Plaintiff's Unit Health Record ("UHR"), he had no such medical necessity.[7]  (Id. ¶ 14.)

16.     Furthermore, Plaintiff could have submitted requests for physician services to receive additional medical care or different pain medication if he was dissatisfied, and he would have been able to see additional health care providers at CCI.[8]  (Id at ¶ 15.)

---

[6]       Plaintiff disputes Defendant Williams' reliance on her medical training and expertise in support of this allegation, but cites nothing in contravention of it, and thus raises no genuine issue of material fact.  (Pl.'s Undisputed Facts Resp. ¶ 12.)

[7]       Plaintiff asserts that Defendant Williams' opinion is contradicted because a doctor performed emergency surgery on his fractured ankle on January 17, 2007, after Defendant Williams gave her opinion, but this does not create a triable issue of fact in this case.  (Pl.'s Undisputed Facts Resp. ¶14.) Rather, at best it suggests a possible difference of opinions as to the proper course of medical treatment for Plaintiff's fractured ankle, which does not rise to the level of a constitutional violation, Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

[8]       Plaintiff disputes this allegation on the grounds that he required emergency care, but that argument does not create a dispute of this fact regarding other requests for care he could have made. Plaintiff could have submitted additional medical requests for physician services.  He further asserts that Defendant Williams contradicts her prior allegation here that Tylenol with Codeine is the strongest pain medication available to inmates at CCI by alleging that other care was available to him.  Plaintiff misunderstands Defendant Williams's statement.  This fact merely states that other care was available upon a proper request or other medication was available as permitted within the facility, also upon a proper request.

17.     It is the medical expert opinion of Dr. Tate, the CCI Chief Medical Officer, that Tylenol with Codeine and Motrin were appropriate medications for Plaintiff's fracture and to treat his complaints of pain.[9]  (Id. at ¶ 16.)

18.     Defendant Williams's review of Plaintiff's UHR showed that an x-ray of his ankle on or about January 12, 2007 indicated that his ankle had better alignment, suggesting improvement.[10]  (Id. at ¶ 17.)

19.     Furthermore, in her opinion the medical care Plaintiff received for his ankle fracture was medically appropriate.  (Id. at ¶18.)

**B.     Analysis**

**1.     Eighth Amendment – Deliberate Indifference**

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096.  A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  "Deliberate indifference is a high legal standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or

---

[9]     Plaintiff disputes this fact on the grounds that he must ascertain Dr. Tate's degree of expertise on pain and pain medications, and whether that doctor examined him, to evaluate this fact. (Pl.'s Undisputed Facts Resp. ¶16.)  However, he has not presented any expert medical testimony in support of his arguments, and as with his other disagreements with medical opinions, his conclusory allegations alone are not a sufficient basis to dispute this issue.  See Clouthier, 591 F.3d 1252.

[10]     As with previously discussed medical opinions, Plaintiff asserts Defendant Williams may not have been qualified to give this opinion and therefore his dispute with her expertise creates a triable issue of fact.  For the reasons discussed in footnotes 4 and 6, supra, this argument fails.

failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm, Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez, 891 F.2d at 242.

## 2. Defendant Williams

Plaintiff raises two primary arguments against Defendant Williams' motion for summary judgment. He alleges that Defendant Williams failed to respond to his complaints that the Tylenol with Codeine and Motrin he was prescribed did not control his pain from his fractured ankle, and failed to respond to his complaints that the splint she put on him was done incorrectly and caused him severe pain. (ECF No. 81, pp. 9-10.)

Regarding Plaintiff's medication, the basis of Plaintiff's complaint is not that he failed to receive any pain medication, but that he should have received Vicodin as opposed to Tylenol with Codeine or Motrin, since the latter two did not control his pain. (ECF No. 81, p. 9). Plaintiff's disagreement with the type of medication that he received does not support a claim of deliberate indifference, Sanchez, 891 F.2d at 242, and the undisputed evidence reflects that he was receiving the strongest pain medication available to inmates at CCI—Tylenol with Codeine, (UMF No. 10.) Moreover, Plaintiff fails to dispute the evidence that Defendant Williams did not

have any authority to prescribe any other medications to him, and that Vicodin was not available at CCI.  (UMF Nos. 12-13.)

Plaintiff argues that Defendant Williams had a duty to contact a medical doctor who did have the authority to prescribe effective medication for him, which she failed to do.  (ECF No. 79, p. 4.)  Plaintiff's position is that Defendant Williams could have asked the registered nurse at the infirmary to examine Plaintiff who could have, theoretically, had him sent to an outside hospital where different treatment might have been recommended for him.  But the undisputed facts here are that in Defendant Williams' medical opinion, and in the opinion of the CCI Chief Medical Officer, Dr. Tate, such measures were not necessary.  (UMF Nos. 14-15, 17, 19.) Plaintiff's theory that  he could have obtained different medication from a different health care provider is purely speculative here, where he provides no evidence for a reasonable fact finder to consider other than his own unsupported conjecture.

The undisputed evidence also shows that Plaintiff himself could have submitted requests for physician services to receive additional medical care or different pain medication if he was dissatisfied, and he would have been able to see other health care providers at CCI instead of relying on Defendant Williams.  (UMF No. 15).  He presents no evidence that he did so.  His case is also readily distinguishable from the cases he cites in support of his argument, since he was neither denied care altogether, nor given treatment so cursory as to amount to a denial, against a doctor's orders.  <u>Mullen v. Smith</u>, 738 F.2d 317, 318-19 (8th Cir. 1984) (inmate complaining of pain and inability to walk given no treatment or tests); <u>Tolbert v. Eyman</u>, 434 F.2d 625, 626 (9th Cir. 1970) (warden denied diabetic inmate sufficient insulin, against physician recommendations).

Regarding Plaintiff's allegations that Defendant Williams was indifferent to his complaints that she incorrectly applied his splint, which caused him pain, these issues do not give rise to an Eighth Amendment claim.  (ECF No. 81, 10-11).  Even accepting Plaintiff's allegations as true that Defendant Williams administered the splint incorrectly, causing him pain, and that when he complained about it she only put on some gauze which did nothing, (UMF Nos. 7-9), at most these allegations might imply negligence in medical treatment.  Plaintiff's alleged

disputed facts do not show any activity which rises to the level of an Eighth Amendment deliberate indifference claim.  Broughton, 622 F.2d at 460 (mere negligence or medical malpractice will not support a cause of action for deliberate indifference); Estelle, 429 U.S. at 106.

The undisputed evidence further demonstrates that Defendant Williams' medical opinion was that Plaintiff's ankle was improving, and he was not in need of additional or different care. (UMF Nos. 14-15, 19.)  Plaintiff disputes, without citing any evidentiary support, Defendant Williams' qualifications to come to these medical conclusions, but in doing so merely alleges possible medical malpractice or negligence.  He provides no evidence showing a reasonable jury could find deliberate indifference occurred here.

In arguing Defendant Williams should be denied summary judgment, Plaintiff relies on a case in which the Ninth Circuit found there was a genuine issue of material fact as to whether a doctor who failed to provide the appropriate cast and setting for a broken thumb was deliberately indifferent to an inmate's medical needs.  Jett v. Penner, 439 f.3d 1091, 1096-99 (9th Cir. 2006).  However, in Jett the plaintiff presented evidence that the defendant doctor was aware of express recommendations from a physician regarding the plaintiff's surgical needs for his fractured thumb, but nevertheless waited months to have the recommended care undertaken, with no explanation or excuses related to the "medical needs of the prisoner."  Id. at 1097 (quoting Hamilton v. Endell, 981 F.2d 1062, 1066-67 (9th Cir. 1992)).  Here, Plaintiff presents no such medical proof of treatment recommendations which were ignored, and the undisputed facts are that Defendant Williams instead considered Plaintiff's medical needs, in fact rendered treatment, and her opinion was consistent with a relevant medical opinion from Dr. Tate.  (UMF Nos. 15, 17-19.)

Finally, Plaintiff asserts that Defendant Williams failed to address his complaints that he was ordered to see an orthopedic specialist.  (ECF No. 81, p. 10.)  He provides no supporting evidence that Defendant Williams was aware of any recommendation that he see an orthopedic specialist, or even that he was objectively ordered to see one, or that he was delayed in doing so due to any action by Defendant Williams.  In fact, he provides no support for showing Defendant

Williams had any authority to order Plaintiff see a specialist.  Instead, the only potentially relevant undisputed evidence regarding this issue is that assisting Plaintiff with his splint was outside of Defendant Williams' regular work duties altogether.  (UMF No. 5).

Based on the foregoing, the Court finds that Plaintiff has failed to raise a genuine dispute for trial regarding his claim of deliberate indifference against Defendant Williams. Accordingly, the Court recommends granting summary judgment to Defendant Williams in this case.

**IV.    Conclusion and Order**

For the reasons stated, IT IS HEREBY RECOMMENDED that:

1.    Plaintiff's motion for summary judgment against Defendant Williams filed on February 23, 2015 be DENIED;

2.    Defendant Williams' motion for summary judgment filed on April 24, 2015 be GRANTED;

3.    The Clerk of the Court be directed to enter judgment in favor of Defendant Williams.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:    **September 9, 2015**            */s/ Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE